```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THOMAS CARROLL, et al.        :     CIVIL ACTION
                              :
                              :
         v.                   :
                              :
WILLIAM STETTLER, III,        :
   et al.                     :     NO. 10-2262
```

### ORDER

AND NOW, this 19th day of October, 2011, upon consideration of the plaintiffs' Motion for Final Approval of Partial Class Action Settlement (Docket No. 401), all accompanying settlement agreements and exhibits, the plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards for Class Representatives (Docket No. 402), the objection thereto (Docket No. 399), and following a fairness hearing on September 30, 2011, IT IS HEREBY ORDERED, for the reasons set forth in an accompanying memorandum bearing today's date, that the motions are GRANTED.  IT IS FURTHER ORDERED that:

      1.    <u>Jurisdiction</u>: This Court has subject-matter jurisdiction over this action and personal jurisdiction over all the parties to the Settlement Agreements.

      2.    <u>Definitions</u>: Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreements.  Pls.' Mot. for Final Approval of Partial Class Action Settlement, Exs. A-E.

       3.   <u>The Settlement Class Members</u>: The following Settlement Class, which was conditionally certified in the Court's orders granting preliminary approval of this settlement, is certified for settlement purposes as follows:

> All persons or entities who invested with Gaddel Enterprises Inc. ("Gaddel") since April 2006 and incurred a net loss (the "Class"). Excluded from the Class are Defendants, Gaddel, any of their officers, employees, or affiliates (hereinafter the "Settlement Class").

Those persons and entities who have duly requested exclusion are hereby excluded from the Settlement Class. <u>See</u> Opt-Out Notices, ECF Nos. 385, 386.

       4.   <u>Objection</u>: The objection filed by Steven Muchnij, dated September 6, 2011 (Docket No. 399), is OVERRULED.

       5.   <u>Approval</u>: The Court concludes that the proposed settlement is a fair, reasonable, and adequate compromise of the claims asserted in this action as it relates to the Released Parties. The Court therefore approves the terms of all the Settlement Agreements, which are hereby incorporated herein and made a part hereof.

       6.   <u>Effect</u>: The plaintiffs, members of the Settlement Class who did not request exclusion from the class in the time and manner provided for in the Class Notice (hereinafter "Settlement Class Members"), and the Released Parties are bound by this Final Judgment and Order of Dismissal and by the Settlement Agreements.

7. <u>Released Parties</u>: The Court dismisses, on the merits and with prejudice, all claims currently pending before it against the Released Parties belonging to the Settlement Class Members.

As of the Effective Date of the Settlement, the class representatives and the Settlement Class Members shall be deemed to hereby fully and irrevocably release, waive, and discharge the following Released Parties from all Released Claims (as defined in section I.R of the Settlement Agreements): Sam Lepore, Sam Lepore Investments, LLC, Benjamin Klibanoff, Elizabeth Klibanoff, Gocko Holdings LLC, Matthew Kaufman, Emily Kaufman, Gription Holdings LLC, Phillip McRae, Luanne McRae, Mark Oscar, Brady Marrone, Mike DeBronzo, MJD Investments LLC, John Meyerle, Breen Meyerle, Ian Virgin, Rabbit2007 Inc., Kevin B. O'Donnell, Sean O'Dell, Tania Quinn, TJQ Prayers Corp., Jeffrey Jenkins, Sharron Jenkins, Michael Diamantis, Jason T. Walker, Walker2007 Enterprises, Inc., Stuart Lakernick, Margaret Grant, 2006A Corporation, Cynthia Yakaski, Joseph Yakaski, McCrea Resources Corporation, Richard McCrea, Dana McCrea, Joseph Kearns, Kearns275Enterprises, Inc., Drawn Bridge, Belladreams2007 Inc., William Bridge, and Marion Gallagher.

8. <u>Distribution</u>: As soon as practicable, the Claims Administrator shall calculate the pro rata share for each Settlement Class Member and commence the process of distributing

the Settlement Class Fund, after deduction for payment for attorneys' fees, notice and administration costs, expenses, and incentive awards, as approved in this Order and accompanying memorandum.

9. <u>Limitations on Use as Evidence</u>: The Settlement Agreements, acts performed in furtherance of the Settlement Agreements or the settlement set forth therein, and documents executed in furtherance of the Settlement Agreements or the settlement set forth therein may not be deemed or be used as evidence or an admission supporting: (a) the validity of any claim made by one or more of the Class Representatives, Settlement Class Members, or Class Counsel; (b) any wrongdoing or liability of the Released Parties;, or (c) any falter or omission of the Released Parties in any court, administrative agency, or other proceeding.

The Settlement Agreements shall not be offered to be admissible in evidence against Released Parties or cited or referenced to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or to enforce its terms.

10. <u>Enforcement of Settlement</u>: Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

11. The Clerk of Court is directed to enter the Final Judgment and Order of Dismissal pertaining to the Released Parties listed in paragraph 7 above.

BY THE COURT:

/s/ Mary A. McLaughlin
Mary A. McLaughlin, J.